IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| NORTHWESTERN CORPORATION, | : Case No. 03-12872 (JLP) |
| Reorganized Debtor. | : |
| NORTHWESTERN CORPORATION, | : |
| Plaintiff, | : Case No. 05-51063 (JLP) |
| v. | : |
| AMMONDSON, *et al.*, | : Related to Docket No. 15 |
| Defendants. | : |

**NORTHWESTERN CORPORATION'S DESIGNATION OF DOCUMENTS FOR THE RECORD AND STATEMENT OF ISSUES ON APPEAL**

NorthWestern Corporation ("NorthWestern"), by and through its undersigned counsel and pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby files this Designation of Documents for the Record and Statement of Issues on Appeal in connection with its appeal from the Order with Respect to Certain Supplemental Retirement Benefits [Adv. Proc. Docket No. 13].

**Designation of Documents for the Record**

| | Adv. Pro. Docket No. | Description |
|---|---|---|
| 1 | 1 | Verified Complaint for (A) Declaratory Relief; (B) Injunctive Relief; and (C) Damages, Pursuant to Section 105(a) of the Bankruptcy Code |
| 2 | 3 | NorthWestern Corporation's Motion for Order to Show Cause Pending Hearing and Preliminary Injunction Staying State Court Action |

ATL/1107645.5

| | | |
|---|---|---|
| 3 | 4 | Memorandum of Law in Support of its Motion for an Order to Show Cause Pending Hearing and Preliminary Injunction Staying State Court Action |
| 4 | 8 | Order (I) to Show Cause Why Defendants Should Not be Enjoined from Continued Prosecution of the State Court Action; (II) To Compel Appearance at May 3, 2005 Hearing; and (III) Staying all Proceedings Before the Montana Second Judicial District Court, Butte-Silver Bow County |
| 5 | 9 | Amended Verified Complaint for (A) Declaratory Relief; (B) Injunctive Relief; and (C) Damages, Pursuant to Section 105(a) of the Bankruptcy Code |
| 6 | 11 | Response to Motion for Order to Show Cause and Request for Preliminary Injunction |
| 7 | 12 | Memorandum Opinion With Respect to Certain Supplemental Retirement Benefits |
| 8 | 13 | Order with Respect to Certain Supplemental Retirement Benefits |

| | Bankruptcy Case Docket No. | Description |
|---|---|---|
| 9 | 2020 | Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code |
| 10 | 2021 | Second Amended and Restated Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code for the Plan of Reorganization of the Debtor |
| 11 | 2090 | Transcript of August 25, 2004 Hearing Before the Honorable Charles G. Case, II |
| 12 | 2234 | Transcript of October 6, 2004 Hearing Before the Honorable Charles G. Case, II |
| 13 | 2238 | Order Confirming Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code |
| 14 | 2276 | Transcript of October 8, 2004 Hearing Before the Honorable Charles G. Case, II |
| 15 | 2300 | Notice of (A) Entry of Order Confirming the Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code and (B) the Occurrence of the Effective Date |
| 16 | 2519 | Notice of Substantial Consummation of Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code |
| 17 | 2730 | Second Motion (I) Authorizing Debtor to Terminate Certain Agreements Pursuant to 11 U.S.C. §§ 105(a) and 363; (II) Seeking Allowance of Certain Claims; and (III) Objecting to and Seeking to Disallow and Expunge Claim Number 825 Pursuant to 11 U.S.C. § 502(b)(1) |

| 18 | 2952 | Objection, Response and Counterclaims of Lester Ammondson, et al. to Debtor's Second Motion (I) Authorizing Debtor to Terminate Certain Agreements Pursuant to 11 U.S.C. §§ 105(a) and 363; (II) Seeking Allowance of Certain Claims; and (III) Objecting to and Seeking to Disallow and Expunge Claim Number 825 Pursuant to 11 U.S.C. § 502(b)(1) |
|---|---|---|
| 19 | 2992 | Notice of Agenda of Matters Scheduled for May 3, 2005 |
| 20 | 3063 | Transcript of May 3, 2005 Hearing Before the Honorable John L. Peterson |

### Statement of Issues on Appeal

1.      Whether the Bankruptcy Court erred in determining that it lacked jurisdiction over the Claimants'[1] retiree benefits which NorthWestern sought to terminate under the confirmed Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan"), which Plan though substantially consummated by December 30, 2004 expressly provides in Section 8.6:

> Payment of any Retiree Benefits (as such benefits may have been modified during the Chapter 11 Case) shall be continued solely to the extent, and for the duration of the period, the Debtor is contractually or legally obligated to provide such benefits, subject to any and all rights of the Debtor under applicable law (including, without limitation, the Debtor's right to amend or terminate such benefits prior to or after the Effective Date).

2.      Whether the Bankruptcy Court erred in *sua sponte* transferring the Second Motion (I) Authorizing Debtor to Terminate Certain Agreements Pursuant to 11 U.S.C. §§ 105(a) and 363; (II) Seeking Allowance of Certain Claims; and (III) Objecting to and Seeking to Disallow and Expunge Claim Number 825 Pursuant to 11 U.S.C. § 502(b)(1) (the "Motion") to Montana state court without first conducting an evidentiary hearing and where the Plan explicitly provides

---

[1] "Claimants" shall refer to Lester E. Ammondson, Catherine Couture (as surviving spouse of James W. Couture), Sherwood Christensen, W. Stephen Dee, Charles Gilder, John A. Lahr, Edmond Magone, Elmer Meldahl, John S. Miller, Roger L. Rawls, C. Daniel Regan, Allen T. Smith, George A. Thorson, John B. VanGelder, and Wilhelmus C. Verbael.

ATL/1107645.5

for post-Effective Date termination and exclusive jurisdiction over bankruptcy claims and where resolution of the termination of the benefit claims in another forum could lead to dissimilar treatment of similarly situated creditors.

3. Whether the Bankruptcy Court erred in *sua sponte* transferring the Motion when the Motion and the Objection, Response, and Counterclaims of Lester Ammondson, *et al.* to Debtor's Second Motion (I) Authorizing Debtor to Terminate Certain Agreements Pursuant to 11 U.S.C. §§ 105(a) and 363; (II) Seeking Allowance of Certain Claims; and (III) Objecting to and Seeking to Disallow and Expunge Claim Number 825 Pursuant to 11 U.S.C. § 502(b)(1) (the "Objection") were pending before the Court without first holding an evidentiary hearing on the Motion and Objection.

4. Whether the Bankruptcy Court erred in applying Section 10.7 of the Plan to the Claimants' benefit claims when Section 10.7 does not apply because Section 8.6 of the Plan expressly limits Pension Plans to the NorthWestern Energy Pension Plan and the NorthWestern Pension Plans which are single employer defined benefit plans covered by ERISA and the Claimants' benefit claims are not covered by ERISA.

5. Whether the Bankruptcy Court erred in *sua sponte* determining that the Claimants' agreements were executory contracts without first holding an evidentiary hearing.

[signature on next page]

ATL/1107645.5

Dated: Wilmington, Delaware
       May 23, 2005

                         Respectfully submitted,

                         PAUL, HASTINGS, JANOFSKY & WALKER LLP
                         600 Peachtree Street
                         Suite 2400
                         Atlanta, GA 30308
                         Jesse H. Austin, III
                         Karol K. Denniston
                         Telephone: (404) 815-2400

                         and

                         GREENBERG TRAURIG, LLP

                         _____
                         Scott D. Cousins (No. 3079)
                         Victoria Watson Counihan (No. 3488)
                         William E. Chipman, Jr. (No. 3818)
                         The Brandywine Building
                         1000 West Street, Suite 1540
                         Wilmington, DE 19801
                         Telephone: (302) 661-7000

                         *Co-Counsel for NorthWestern Corporation*

ATL/1107645.5