IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NORTHWESTERN CORPORATION, ) | Case No. 03-12872 (JLP) |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| NORTHWESTERN CORPORATION, ) | |
| ) | Adv. No. 05-51063 (JLP) |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| LESTER E. AMMONDSON, CATHERINE ) | |
| COUTURE (AS SURVIVING SPOUSE OF ) | |
| JAMES W. COUTURE), SHERWOOD ) | |
| CHRISTENSEN, W. STEPHEN DEE, ) | |
| CHARLES GILDER, JOHN A. LAHR, ) | |
| EDMOND MAGONE, ELMER ) | |
| MELDAHL, JOHN S. MILLER, ) | |
| ROGER L. RAWLS, C. DANIEL REGAN, ) | |
| ALLEN T. SMITH, GEORGE A. ) | |
| THORSON, JOHN B. VAN GELDER, ) | |
| AND WILHELMUS C. VERBAEL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**CERTAIN RETIREES' DESIGNATION OF ADDITIONAL DOCUMENTS FOR THE
RECORD AND COUNTERSTATEMENT OF ISSUES ON APPEAL**

Certain Retirees ("Certain Retirees")[1], by and through its undersigned counsel and

pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby object to the

---

[1] Lester E. Ammondson, Catherine Couture (As Surviving Spouse of James W. Couture), Sherwood Christensen, W. Stephen Dee, Charles Gilder, John A. Lahr, Edmond Magone, Elmer Meldahl, John S. Miller Roger L. Rawls, C. Daniel Regan, Allen T. Smith, George A.Thorson, John B. Van Gelder

statement of issues on appeal filed by Northwestern Corporation[2] on the grounds that they misstate the basis of and have no relevance to the Court's Memorandum Opinion and Order appealed from, and hereby file this Designation of Additional Documents for the Record and Counterstatement of Issues on Appeal in connection with Northwestern Corporation's appeal from the Order with Respect to Certain Supplemental Retirement Benefits [Adv. Proc. Docket No. 17].

**Designation of Additional Documents for the Record**

| No. | Bankruptcy Case Docket No. | Description |
|---|---|---|
| 1. | 930 | Chapter 11 Plan of Reorganization/Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code filed by NorthWestern Corporation |
| 2. | 932 | Exhibit G Part 4 to Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code for the Plan of Reorganization of the Debtor filed by NorthWestern Corporation |
| 3. | 931 | Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code for the Plan of Reorganization of the Debtor filed by NorthWestern Corporation |
| 4. | 1306 | Amended Plan filed by NorthWestern Corporation |
| 5. | 1307 | Chapter 11 Plan of Reorganization re: Debtor's First Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (Blacklined) filed by NorthWestern Corporation |
| 6. | 3031 | Order Granting Motion for Admission pro hac vice of A. Clifford Edwards |
| 7. | 474 | Schedules F and G from the Debtor's Statements and Schedules |

---

[2] Undersigned counsel for the retirees was not served with either the Notice of Appeal or Northwestern Corporation's Designation of Documents for the Record and Statement of Issues on Appeal and only became aware of these documents through its own review of the docket well after they were filed.

| No. | Adv. Pro. Docket No. | Description |
|---|---|---|
| 8. | 7 | Motion to Shorten Time for Notice and Response filed by NorthWestern Corporation |
| 9. | 10 | Affidavit/Declaration of Service filed by NorthWestern Corporation |
| 10. | 14 | Affidavit/Declaration of Service filed by NorthWestern Corporation |
| 11. | — | Exhibit 1 admitted at May 3, 2005 hearing (excerpts of First Amended Disclosure Statement) |
| 12. | — | Exhibit 2 admitted at May 3, 2005 hearing (excerpts of Second Amended Disclosure Statement) |

## Counterstatement of Issues on Appeal

1.    Did the Bankruptcy Court lack jurisdiction over the Debtor's motion to reject certain retirees' pension benefits where the motion was brought after the Plan was substantially consummated and no notice was provided to the pensioners prior to confirmation?

2.    Did the Bankruptcy Court lack "related to" jurisdiction over the relief sought by the Debtor where the intended termination of retirees' benefits after Plan confirmation did not affect the interpretation, implementation, consummation, execution or administration of the Plan?

3.    Did the Debtor's attempt to terminate the pension plans of certain retirees after the Plan was confirmed and substantially consummated violate the retirees' due process rights, where it deprived them of the opportunity to vote on the Plan or file a proof of claim in accordance with the terms of the Plan?

4.    Did the Bankruptcy Court properly abstain from hearing the Debtor's motion to terminate the retiree's benefits where the Debtor failed to provide the retiree's due process during

3

its bankruptcy case, where the Debtor's obligations to the retirees were deemed subject to state law under the Plan and where a state law action was pending?

Wilmington, Delaware
Dated:  June 16, 2005

**BUCHANAN INGERSOLL PC**

/s/ William D. Sullivan
William D. Sullivan (No. 2820)
The Nemours Building
1007 N. Orange St., Suite 1110
Wilmington, DE 19801
(302) 428-5500
(302) 428-3996 (fax)

and

**EDWARDS, FRICKLE, ANNER-HUGHES, COOK & CULVER**

1601 Lewis Avenue, Suite 206
Billings, Montana 59102
A. Clifford Edwards
Triel D. Culver
Telephone: (406) 256-8155

- and -

**DOAK & ASSOCIATES, P.C.**
P.O. Box 1875
Billings, MT 59103-1875
Jon E. Doak
Telephone: (406) 896-8904

**Attorneys for Lester Ammondson, *et al*.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NORTHWESTERN CORPORATION, ) | Case No. 03-12872 (JLP) |
| ) | |
| Debtor. ) | |
| ) | Hearing Date: May 3, 2005 |
| ) | |
| ) | |
| NORTHWESTERN CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| LESTER E. AMMONDSON, CATHERINE ) | |
| COUTURE (AS SURVIVING SPOUSE OF ) | |
| JAMES W. COUTURE), SHERWOOD ) | |
| CHRISTENSEN, W. STEPHEN DEE, ) | |
| CHARLES GILDER, JOHN A. LAHR, ) | |
| EDMOND MAGONE, ELMER ) | |
| MELDAHL, JOHN S. MILLER, ) | |
| ROGER L. RAWLS, C. DANIEL REGAN, ) | |
| ALLEN T. SMITH, GEORGE A. ) | |
| THORSON, JOHN B. VAN GELDER, ) | |
| AND WILHELMUS C. VERBAEL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I, William D. Sullivan, Esquire, hereby certify that on June 16, 2005, service of *Certain Retirees' Designation of Additional Documents for the Record and Counterstatement of Issues on Appeal* was made upon the following parties by Hand Delivery and/or First Class Mail:

| | |
|---|---|
| William E. Chipman, Jr., Esq. | Jesse H. Austin, III, Esq. |
| Scott D. Cousins, Esq. | Karol K. Denniston, Esq. |
| Greenberg Traurig, LLP | Paul, Hastings, Janofsky & Walker, LLP |
| The Brandywine Building | 600 Peachtree Street, N.E., 24th Floor |
| 1000 West Street, Suite 1540 | Atlanta, GA 30308 |
| Wilmington, DE 19801 | |

                                                    */s/ William D. Sullivan*
                                                    William D. Sullivan