IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTHWESTERN CORPORATION,<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 03-12872 (JLP) |
| NORTHWESTERN CORPORATION,<br><br>Plaintiff,<br>v.<br><br>LESTER E. AMMONDSON, CATHERINE COUTURE (AS SURVIVING SPOUSE OF JAMES W. COUTURE), SHERWOOD CHRISTENSEN, W. STEPHEN DEE, CHARLES GILDER, JOHN A. LAHR, EDMOND MAGONE, ELMER MELDAHL, JOHN S. MILLER, ROGER L. RAWLS, C. DANIEL REGAN, ALLEN T. SMITH, GEORGE A. THORSON, JOHN B. VAN GELDER, AND WILHELMUS C. VERBAEL,<br><br>Defendants. | Adv. Pro No. 05-51063<br><br>Proposed Hearing Date: May 3, 2005 @ at 9:30 a.m.<br>Proposed Objection Deadline: May 2, 2005 @ 4:00 p.m. |

## MOTION AND ORDER TO SHORTEN TIME FOR NOTICE AND RESPONSE

NorthWestern Corporation (the "**Reorganized Debtor**" or "**NOR**"), by and through its undersigned counsel, hereby moves (the "**Motion to Shorten**") this Honorable Court, pursuant to Del. Bankr. LR 9006-1(e) and section 102 of the Bankruptcy Reform Act of 1978, as codified in title 11 of the United States Code, 11 U.S.C. §§ 101-1330, for an order shortening the notice period for the Reorganized Debtor's Motion For Order To Show Cause Pending Hearing and Preliminary Injunction Staying State Court Action (the "**Motion**"). In support of this Motion to Shorten, the Reorganized Debtor respectfully states as follows:

1. Pursuant to Bankr. LR 9006-1, the Reorganized Debtor is required to give twenty (15) days' notice of the Motion. However, pursuant to The Honorable John L. Peterson's general

procedures, all motions are required to be filed 20 days before the hearing with objections due nine (9) business days before the hearing. For the reasons stated herein, the Reorganized Debtor requests that this time period for notice be shortened to eight days with respect to the Motion so that the Motion can be heard at the May 3, 2005 hearing. The Reorganized Debtor also requests that the Court approve an objection deadline of May 2, 2005 at 4:00 p.m., one (1) business day before the hearing, which will allow parties-in-interest sufficient time to review the Motion, but will still provide for objections to be filed in sufficient time prior to the May 3, 2005 hearing.

2. Because of the importance of the Motion to the Reorganized Debtor and its bankruptcy estate, the Reorganized Debtor is requesting Court approval on shortened notice to provide assurance that it is authorized to present the Motion at the hearing currently scheduled before this Court on May 3, 2005.

3. As set forth more fully in the Motion, the Reorganized Debtor seeks approval of the Motion to obtain injunctive relief to stay the State Court Action (as defined in the Motion) that is currently pending against the Reorganized Debtor.

4. For the reasons set forth in the Motion, to avoid any violation of the exclusive jurisdiction of this Court, to enhance the Reorganized Debtor's ability to function as a reorganized debtor, and to prevent frustration of the purposes of the Confirmation Order, without any further delay, the Reorganized Debtor respectfully requests that this Court allow the Motion to be heard at the omnibus hearing scheduled in this case on May 3, 2005 at 9:30 a.m. The Reorganized Debtor also requests that the Court approve an objection deadline of May 2, 2005 at 4:00 p.m., one (1) business day before the hearing, which will allow parties-in-interest sufficient time to review the Motion, but will still provide for objections to be filed in sufficient time prior to the May 3, 2005 hearing.

5. Notice of this Motion has been provided to: (i) the Office of the United States Trustee, (ii) counsel for the Reorganized Debtor's Pre-Petition Lenders, (iii) counsel for the Reorganized Debtor's Post-Petition Lenders, (iv) counsel for the Official Committee of Unsecured Creditors, (v) the Securities and Exchange Commission, (vi) the Federal Energy Regulatory Commission, (vii) the Montana Public Service Commission, (viii) the South Dakota Public Utilities Commission, (ix) the Nebraska Public Service Commission, (x) counsel for Lester E. Ammondson, Catherine Couture, Sherwood Christensen, W. Stephen Dee, Charles Gilder, John A Lahr, Edmond Magone, Elmer Meldahl, John S. Miller, Roger L. Rawls, C. Daniel Regan, Allen T. Smith, George A. Thorson, John B. Van Gelder, and Wilhelmus C. Verbael; and (xi) all parties that have requested special notice in this Chapter 11 case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Reorganized Debtor submits that no other or further notice is required.

**[Remainder of Page Intentionally Left Blank]**

WHEREFORE, the Reorganized Debtor respectfully requests the entry of an Order (i) shortening the notice period so that the Motion may be heard at the May 3, 2005 hearing; (ii) approving an objection deadline for the Motion of May 2, 2005; and (iii) granting such other and further relief as this Court deems just and proper.

Dated: Wilmington, Delaware
April 25, 2005

Respectfully submitted,

PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street
Suite 2400
Atlanta, GA 30308
Jesse H. Austin, III
Karol K. Denniston
Telephone: (404) 815-2400

And

GREENBERG TRAURIG, LLP

_____
Scott D. Cousins (No. 3079)
William E. Chipman, Jr. (No. 3818)
Dennis A. Meloro (No. 4435)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
Telephone: (302) 661-7000

Counsel for NorthWestern Corporation, as Reorganized Debtor

THE RELIEF REQUESTED HEREIN
IS SO ORDERED this _____
day of _____, 2005.

_____
The Honorable John L. Peterson
United States Bankruptcy Judge