IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **NORTHWESTERN CORPORATION,** | ) | Case No. 03-12872 (JLP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **NORTHWESTERN CORPORATION,** | ) | Civ.Action No. 05-444 (JJF) |
| | ) | |
| Appellant, | ) | Related Docket No.: 11 |
| | ) | |
| v. | ) | |
| | ) | |
| **LESTER E. AMMONDSON,** *et al.,* | ) | |
| | ) | |
| Appellees. | ) | |

**RETIREES' RESPONSE IN OPPOSITION TO THE
EMERGENCY MOTION OF APPELLANT NORTHWESTERN
CORPORATION FOR ADDITIONAL TIME TO FILE OPENING BRIEF**

Lester E. Ammondson, Catherine Couture, Sherwood Christensen, W. Stephen Dee, Charles Gilder, John A. Lahr, Edmond Magone, Elmer Meldahl, John S. Miller, Roger L. Rawls, C. Daniel Regan, Allen T. Smith, George A. Thorson, John B. Van Gelder and Wilhelmus C. Verbael ("Retirees"), by and through their undersigned counsel, hereby respond to the *Emergency Motion of Appellant Northwestern Corporation for Additional Time to File Opening Brief* ("Motion") [D.I. 11], and in support thereof aver as follows:

1.     The Motion filed by appellant Northwestern Corporation ("Debtor"), seeks to extend the existing briefing schedule so that the Debtor's opening brief will be due on April 21, 2006, an extension of approximately five weeks.  While the undersigned counsel for the Retirees is prepared to provide a reasonable extension of time based on the assertion of other professional demands on opposing counsel's schedule, Retirees' counsel opposes any extension beyond the fifteen day extension offered by Retirees' counsel (to March 30, 2006) on the grounds that the

extension sought is likely to be prejudicial to the Retirees and is excessive in light of the cause shown.

2.  The Retirees oppose the five week extension sought by the Debtor because of the substantial prejudice this may cause them with respect to fees and expenses being incurred in their ongoing action against the Debtor in Montana ("Montana Action"), first filed on March 31, 2005.  This appeal concerns, amongst other things, whether the Bankruptcy Court had jurisdiction over the subject matter of the Montana Action and whether it should have abstained in order to permit the Montana Action to proceed.  The Bankruptcy Court did abstain, and the Montana Action has proceeded forward.  However, this appeal is not insignificant because it seeks to deprive the Retirees of their state-court forum in favor of the Bankruptcy Court as the forum in which Retirees' claims are ultimately heard.

3.  The Montana Action is being actively litigated by all parties and the Retirees will continue to incur significant fees and costs as the action proceeds.  The requested alterations in the briefing schedule will necessarily delay the conclusion of this appeal by at least the five-week length of the extension, assuming Debtor's counsel encounters no further difficulties.  The further the Montana Action proceeds towards trial, the more that delay in the disposition of this appeal is prejudicial to the Retirees, since the appeal threatens to deprive the Montana Court of jurisdiction in favor of the Bankruptcy Court.

4.  A significant extension of the briefing schedule is especially inappropriate given the long period of time that this appeal has been pending.  The Montana Action was filed at the same time that the Retirees sought a determination that the Debtor's confirmed plan did not bind them, and the Bankruptcy Court ruled in favor of the Retirees on May 4, 2005.  This appeal has been pending since June 28, 2005.  Although the briefing schedule was promptly set following the filing of the mediator's report on February 24, 2006, this appeal will have been pending for

close to a year by the time it is ready for decision, if Debtor's proposed schedule is adopted, with obvious implications for the expenses being incurred in Montana.

5. The Retirees also believe that a five-week extension is inappropriate because the Debtor has had a substantial period to prepare its arguments -- more than eight months -- while this matter has been pending, and during which the Debtor has had to present its arguments in mediation. Although the Debtor has recently substituted counsel, the substitution was accomplished more than a month prior to the entry of a briefing schedule in this matter.

6. The fact that the Debtor is the appellant here is also significant. The Retirees sought in good faith and promptly obtained the Bankruptcy Court's determination that Debtor's confirmed plan did not bind them and that the Montana Action could be prosecuted. Debtor has not obtained a stay of the Montana Action nor has it prevailed in the trial court, and the Retirees respectfully submit that the Debtor must be prepared to make its argument to this Court in an expeditious fashion.

WHEREFORE, the Retirees respectfully request that this Court (a) deny the Motion; (b) enter a revised briefing schedule making the Debtor's opening brief due on or before March 30, 2006; and (c) grant such further and other relief as justice shall require.

Dated: March 13, 2006
    Wilmington, Delaware     **BUCHANAN INGERSOLL PC**

/s/ William D. Sullivan
William D. Sullivan (No. 2820)
The Nemours Building
1007 N. Orange St., Suite 1110
Wilmington, DE 19801
Tel: (302) 428-5500
Fax: (302) 428-3996

-and-

3

**EDWARDS, FRICKLE, ANNER-HUGHES, COOK & CULVER**

1601 Lewis Avenue, Suite 206
Billings, Montana 59102
A. Clifford Edwards, Esq.
Triel D. Culver, Esq.
Telephone: (406) 256-8155

**DOAK & ASSOCIATES, P.C.**

P.O. Box 1875
Billings, MT 59103-1875
Jon E. Doak, Esq.
Telephone: (406) 896-8904

*Counsel for Retirees*