IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTHWESTERN CORPORATION,<br><br>        Reorganized Debtor. | Chapter 11<br><br>Case No. 03-12872 (JLP) |
| NORTHWESTERN CORPORATION,<br><br>        Appellant,<br>v.<br><br>LESTER E. AMMONDSON, CATHERINE COUTURE (AS SURVIVING SPOUSE OF JAMES W. COUTURE), SHERWOOD CHRISTENSEN, W. STEPHEN DEE, CHARLES GILDER, JOHN A. LAHR, EDMOND MAGONE, ELMER MELDAHL, JOHN S. MILLER, ROGER L. RAWLS, C. DANIEL REGAN, ALLEN T. SMITH, GEORGE A. THORSON, JOHN B. VAN GELDER, AND WILHELMUS C. VERBAEL,<br><br>        Appellee. | Case No. 05-CV-00444-JJF |

**APPELLANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION FOR AN ORDER DISMISSING ITS APPEAL**

Dated: April 21, 2006

**GREENBERG TRAURIG, LLP**
Victoria Watson Counihan
Dennis A. Meloro
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000

Counsel to NorthWestern Corporation

## INTRODUCTION

This memorandum of law is filed in support of the motion of Appellant and Reorganized Debtor NorthWestern Corporation ("NorthWestern") to voluntarily dismiss the above-captioned bankruptcy appeal pursuant to Rule 8001(c)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). NorthWestern seeks to voluntarily dismiss its appeal because the subject matter of the appeal -- the denial by the Bankruptcy Court of the Appellant's motion to terminate the supplemental retirement benefits contracts of the Appellees -- has been rendered moot as a result of NorthWestern's payment of past amounts set forth under these contracts, the continuing timely payment of the amounts due under the contracts and the reinstatement of the contracts going forward.

## FACTUAL BACKGROUND

1. NorthWestern is a publicly traded Delaware corporation, which was incorporated in 1923. NorthWestern and its direct and indirect subsidiaries comprise one of the largest providers of electricity and natural gas in the upper Midwest and Northwest regions of the United States, serving approximately 617,000 customers throughout Montana, South Dakota and Nebraska.

2. On September 14, 2003 (the "Petition Date"), NorthWestern filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") commencing its Chapter 11 case. [*See* docket entry #1].

3. On October 8, 2004, the Bankruptcy Court entered an oral ruling confirming the Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan"). [*See* docket entry # 2238]. On October 19, 2004, the Bankruptcy Court entered the final Order Confirming the Debtor's Second Amended and Restated Plan of

Reorganization Under Chapter 11 of the Bankruptcy Code (the "Confirmation Order"). [*See* docket entry # 2300]. The Effective Date (as such term is used in the Plan) of NorthWestern's Plan was November 1, 2004. [*See id.*].

4. On December 29, 2004, NorthWestern filed its Notice of Substantial Consummation of the Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code and emerged from Chapter 11 as a reorganized debtor. [*See* docket entry # 2519].

5. On January 31, 2005, NorthWestern filed its Second Motion (I) Authorizing Debtor to Terminate Certain Agreements Pursuant to 11 U.S.C. §§ 105(a) and 363; (II) Seeking Allowance of Certain Claims; and (III) Objecting to and Seeking to Disallow and Expunge Claim Number 825 Pursuant to 11 U.S.C. § 502(b)(1), (the "Motion to Terminate"). [*See* docket entry # 2730].

6. Among the agreements that NorthWestern sought to terminate were those of certain executives with the former Montana Power Company ("MPC"). In February 2002, NorthWestern completed its acquisition of the electric and natural gas transmission and distribution business of the MPC. The MPC was a party to certain agreements (the "MPC Agreements") with each of the Appellees for supplemental retirement payments. Effective as of the closing date under the purchase agreement, NorthWestern became responsible for the MPC Agreements.

7. NorthWestern ceased making payments pursuant to the MPC Agreements on or about December 31, 2004 and sought to terminate the MPC Agreements[1] on the grounds that it

---

[1] The Motion sought, *inter alia*, to terminate agreements with Lester E. Ammondson, James W. Couture, Sherwood Christensen, W. Stephen Dee, Charles J. Gilder, John A. Lahr, Edmond L. Magone, Elmer G. Meldahl, John S. Miller, Roger L. Rawls, C. Daniel Regan, Allen T. Smith, George A. Thorson, John B. Van Gelder and Wilhelmus C. Verbael (collectively, "Appellees") pursuant to Sections 105(a) and 363 of Title 11, United States Code.

3

was receiving no benefit from the MPC Agreements and to reduce future liability and administrative costs. NorthWestern sought to provide the Appellees with allowed unsecured Class 9 claims under the Plan in the amount of the discounted present value of the MPC Agreements, reduced by the amount of any payments received after the Petition Date.

8. On March 31, 2005, the Appellees filed the Objection, Response and Counterclaims of Lester Ammondson, *et al.*, to Debtor's Second Motion (I) Authorizing Debtor to Terminate Certain Agreements Pursuant to 11 U.S.C. §§ 105(a), and 363; (II) Seeking Allowance of Certain Claims; and (III) Objecting to and Seeking to Disallow and Expunge Claim Number 825 Pursuant to 11 U.S.C. § 502(b)(1), dated March 31, 2005 (the "Objection"). The Objection also alleged counterclaims arising out of the Motion to Terminate for (i) breach of contract, (ii) breach of the covenant of good faith and fair dealing, and (iii) abuse of process. [*See* docket entry # 2952].

9. On or about April 1, 2005, without having obtained relief from the injunctive provisions of the Plan and Confirmation Order, the Appellees filed a complaint (the "State Law Complaint") initiating a civil action (the "State Court Action") in the Montana Second Judicial District Court, Butte-Silver Bow County styled as *Ammondson, et al. v. NorthWestern Corp., et al.*, (Cause No. DV-05-97).

10. The State Law Complaint was based on the same factual allegations and presented the same arguments asserted in the Objection. In it, Appellees alleged causes of action arising out of the Motion to Terminate for (i) breach of contract, (ii) breach of the covenant of good faith and fair dealing, (iii) abuse of process, and (iv) malicious prosecution.

11. On or about April 25, 2005, NorthWestern filed in the Bankruptcy Court its Verified Complaint for (A) Declaratory Relief; (B) Injunctive Relief; and (C) Damages, Pursuant to Section 105(a) of the Bankruptcy Code (the "Complaint"), thereby commencing the adversary

proceeding of *NorthWestern Corporation v. Lester Ammondson, et al.* The Complaint contained two causes of action for: (i) declaratory relief that the continued prosecution of the State Court Action should be stayed pending determination by the Bankruptcy Court of the Motion to Terminate; and (ii) preliminary and permanent injunctive relief enjoining Appellees from continuing to prosecute the State Court Action. [*See* adversary docket entry # 1].

12. On or about April 25, 2005, NorthWestern also filed its Motion for Order to Show Cause Pending Hearing and Preliminary Injunction Staying State Court Action (the "Motion for Injunctive Relief") and Plaintiff's Memorandum of Law in Support of its Motion for an Order to Show Cause Pending Hearing and Preliminary Injunction Staying State Court Action. [*See* adversary docket entry # 3 and 4].

13. On or about April 26, 2005, the Bankruptcy Court entered its Order (I) to Show Cause Why Defendants Should Not be Enjoined from Continued Prosecution of the State Court Action; (II) to Compel Appearance at May 3, 2005 Hearing; and (III) Staying all Proceedings Before Montana Second Judicial District Court, Butte-Silver Bow County. [*See* adversary docket entry # 8].

14. After a hearing on May 5, 2005, the Bankruptcy Court issued its Order with Respect to Certain Supplemental Retirement Benefits (the "Order") and Memorandum Opinion with Respect to Certain Supplemental Retirement Benefits. Pursuant to the Order, the Bankruptcy Court (i) dismissed Appellant's Complaint, (ii) denied the Motion for Injunctive Relief, and (iii) ordered that Appellant's Motion to Terminate be transferred to the Montana Second Judicial District Court, Butte-Silver Bow County for resolution with the State Court Action. [*See* adversary docket entry # 12].

15. On or about May 13, 2005, NorthWestern filed its Notice of Appeal from the Order. [*See* adversary docket entry # 15].

16.     On or about June 29, 2005, the above-captioned appeal was docketed in the United States District Court for the District of Delaware. [*See* adversary docket entry # 20].

17.     On or about December 1, 2005, NorthWestern contacted each of the Appellees and paid each the amount owed as of that date under each of the Appellees' MPC Agreements. *See* Affidavit of Wayne W. Harper at ¶ 2 ("Harper Aff."). At the same time, NorthWestern also paid to each of the Appellees accrued interest on the past amounts owed at a rate of 6% per annum. *See id.* at ¶ 3. At the same time, Northwestern informed the Appellants that it would continue to make such payments in accordance with the terms of the MPC Agreements. *See id.* at ¶ 4. True and correct copies of the letters to Appellants have been attached to the Harper Aff. as Exs. A-O.

18.     As a result of these actions, the current appeal by Appellant is moot and therefore this Court should dismiss this appeal, with each party bearing its own costs and expenses.

## SUMMARY OF ARGUMENT

NorthWestern respectfully submits that the current appeal should be dismissed voluntarily pursuant to Bankruptcy Rule 8001(c)(2), as the gravaman of this appeal -- whether NorthWestern could terminate the MPC Agreements -- has been rendered moot by NorthWestern's actions taken subsequent to the filing of its Notice of Appeal; specifically, it paid Appellees for the amounts withheld pursuant to its Motion to Terminate, including interest, paid the on-going contractual amounts as they have become due and it reinstated the MPC Agreements going forward. Since NorthWestern is no longer seeking to terminate the MPC Agreements, the subject matter of the appeal has been rendered moot. Accordingly, this Court should dismiss this appeal with each party to bear its own costs.

# ARGUMENT

## A. The Court Should Dismiss the Appeal as Moot

Appellate courts routinely dismiss appeals pending before them as moot when the underlying action is resolved or dismissed, rendering the controversy on appeal non-justicable. *See, e.g. Doehler-Jarvis, Inc. v. T.E. Kopystecki*, 57 Fed. Appx. 93, 94 (3d Cir. 2003).

The appeal now before this Court was brought by Appellant to contest two rulings made by the Bankruptcy Court: 1) that it lacked jurisdiction to adjudicate whether NorthWestern could terminate the MPC Agreements; and 2) that even if it did have jurisdiction, to abstain in favor of having the Montana state court determine the parties' rights and obligations under the MPC Agreements. Since that ruling, NorthWestern has paid all amounts due under the MPC Agreements, with interest, and informed the Appellees that it has reinstated the MPC Agreements and will continue to make such payments going forward. The result of these actions is that the relief sought by NorthWestern in its Motion to Terminate and related complaint for injunctive relief have been rendered moot. As a result, Appellant's appeal of the Bankruptcy Court's order also is moot.

"It is axiomatic that 'an actual case or controversy must exist when suit is instituted and at all stages of appellate review to avoid mootness.'" *Doehler-Jarvis, Inc. v. T.E. Kopystecki*, 57 Fed. Appx. 93, 94 (3d Cir. 2003) (quoting *Brown v. Liberty Loan Corp.*, 539 F.2d 1355, 1358 (11th Cir. 1976)). The dismissal of moot appeals rests on the bedrock legal principle that courts should not render advisory opinions, but only opinions on actual controversies ripe for adjudication. *See Ortho Pharmaceuticals Corporation v. Amgen, Inc.*, 882 F.2d 806, 810 (3d Cir. 1989) ("Federal courts, having jurisdiction only to decide actual cases and controversies, are 'without the power to decide questions that cannot affect the rights of litigants in the case before them'").

In the case at bar, the dispute as to NorthWestern's ability to terminate the MPC Agreements has been rendered moot by NorthWestern's subsequent payment of the contractual amounts that it had ceased paying as a result of its request for leave to terminate the MPC Agreements, and by its decision to reinstate and continue to make all payments required under the MPC Agreements. Since Appellees did not cross-appeal the decision of the Bankruptcy Court judge, there remains no issue for this Court to decide. To the extent that any related issues remain between the parties, those can be and are being litigated in the Montana State Court. Given all of this, there is no effective relief that this Court could grant and as such, this Court must dismiss this appeal as moot. *In re Highway Truck Drivers*, 888 F.2d 293, 297 (3d Cir. 1989) (recognizing that "in the context of bankruptcy proceedings, that generally, an appeal will be dismissed as moot when events occur during the pendency of the appeal which prevent the appellate court from granting any effective relief").

NorthWestern's decision to reinstate the MPC Agreements and to pay all past payments owed under the agreements is not an admission that NorthWestern lacked the right to terminate the MPC Agreements under its confirmation plan. It also is not an admission that its appeal of the Bankruptcy Court's decision lacked merit when filed. *See e.g., Duzich v. Advantage Fin. Corp.*, No. G-03-403, 2003 U.S.Dist. LEXIS 27030, at *11 (S.D. Tex. Dec. 23, 2003) (noting that "[t]here are, in short, innumerable reasons to voluntarily dismiss a civil suit short of an admission that the claim has no merit."). As explained above, NorthWestern has taken steps subsequent to the filing of the instant notice of appeal that mooted the subject matter of the appeal.

**B.   No Costs or Fees Should be Awarded in Connection With the Dismissal of This Appeal**

In connection with the voluntary dismissal of this appeal, each side should bear its own fees and costs. Rule 8001(c)(2) of the Bankruptcy Rules provides that:

> *After Docketing.* If an appeal has been docketed and the parties to the appeal sign and file with the clerk of the district court or the clerk of the bankruptcy appellate panel an agreement that the appeal be dismissed and pay any court costs or fees that may be due, the clerk of the district court or the clerk of the bankruptcy appellate panel shall enter an order dismissing the appeal. *An appeal may also be dismissed on motion of the appellant on terms and conditions fixed by the district court or bankruptcy appellate panel.*

FED.R.BANKR.P. 8001(c)(2) (emphasis added).

Although there are no reported decisions regarding the standards that should be applied in determining a motion pursuant to Rule 8001(c)(2), guidance can be found in Rule 42(b) of the Federal Rules of Appellate Procedure as "Rule 8001(c)(2) [of the Bankruptcy Rules] is similar to Federal Rule of Appellate Procedure 42(b)." 10 *Collier on Bankruptcy*, ¶ 8001.11[2] at 8001.12[1]; *see* FED.R. BANKR. P. 8001, advisory committee notes ("Subdivision c [of Rule 8001] is an adaption of Rule 42 of FED. R. APP. P.").

Rule 42(b) of the Federal Rules of Appellate Procedure provides:

> *Dismissal in the Court of Appeals.* The circuit clerk may dismiss a docketed appeal if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any fees that are due. But no mandate or other process may issue without a court order. An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court.

In applying Rule 42(b), the Third Circuit Court of Appeals has stated that

> The import of this rule is that an appellant or both parties may move for dismissal, proposing terms of payment of costs and fees, subject to review by the court. No mandate or other order shall issue without an order of the court. Voluntary dismissal on appellant's motion is unavailable when appellant's failure to abide by the rules of court has burdened appellee. The requirement of Rule 42(b) that no mandate or process shall issue without an order of the court and the phrase "an appeal may be dismissed" indicate

9

> that the court has discretion to grant or deny these motions and to set the terms thereof.

*In re Penn Central Transportation Co.*, 630 F.2d 183, 189 (3d Cir. 1980) (internal citations omitted).

Here, NorthWestern has not failed to abide by any of the rules of this Court nor did it act improperly in bringing this appeal in the first place. As NorthWestern's request for this appeal to be voluntarily dismissed was made prior to Appellees' expending resources on their brief, there is no reason why each party should not bear its own fees and costs. *See also* 20A *Moore's Federal Practice* § 342.12[2][c] at 342-8 (the power to dismiss an appeal subject to conditions fixed by the circuit court does not include a general power to condition dismissal on the appellant's reimbursement of appellee's expenses."); *Overseas Cosmos, Inc. v. NR Vessel Corp.*, 148 F.3d 51, 52 (2d Cir. 1998) (Rule 42(b) does not allow appellate court to condition voluntary dismissal of appeal on appellant's payment of appellee's reasonable attorney's fees).

## CONCLUSION

For all the reasons set forth above, NorthWestern respectfully requests that this Court grant NorthWestern's Motion and enter an order pursuant to Rule 8001(c)(2) of the Bankruptcy Rules substantially in the form attached hereto: (i) dismissing the appeal; (ii) requiring each side to bear its own fees and costs; and (iii) granting such other relief that the Court deems proper.

Dated: Wilmington, Delaware  
April 21, 2006

Respectfully submitted,

GREENBERG TRAURIG, LLP

/s/

Victoria Watson Counihan (No. 3488)  
Dennis A. Meloro (No. 4435)  
The Nemours Building  
1007 North Orange Street, Suite 1200  
Wilmington, DE 19801  
Telephone: (302) 661-7000

*Counsel for NorthWestern Corporation*

10