### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **NORTHWESTERN CORPORATION,** | ) | Bankruptcy Case No. 03-12872 (KJC) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **NORTHWESTERN CORPORATION,** | ) | Civ. Action No. 05-444 (JJF) |
| | ) | |
| Appellant, | ) | Related Docket Nos.: 17, 18, 19 |
| | ) | |
| v. | ) | |
| | ) | |
| **LESTER E. AMMONDSON,** *et al.,* | ) | |
| | ) | |
| Appellees. | ) | |

**RETIREES' RESPONSE AND LIMITED OPPOSITION TO APPELLANT
NORTHWESTERN CORPORATION'S MOTION FOR ORDER DISMISSING APPEAL**

Lester E. Ammondson, Catherine Couture, Sherwood Christensen, W. Stephen Dee, Charles Gilder, John A. Lahr, Edmond Magone, Elmer Meldahl, John S. Miller, Roger L. Rawls, C. Daniel Regan, Allen T. Smith, George A. Thorson, John B. Van Gelder and Wilhelmus C. Verbael ("Retirees"), by and through their undersigned counsel, hereby respond and record their limited objection to *Appellant NorthWestern Corporation's Motion For Order Dismissing Appeal* ("Motion") [D.I. 17] and the supporting *Appellant's Memorandum Of Law In Support Of Its Motion For An Order Dismissing The Appeal* ("Memorandum") [D.I. 18], and aver as follows:

1. The Motion filed by appellant and reorganized debtor NorthWestern Corporation ("Debtor") seeks to voluntarily dismiss the instant appeal on the grounds that the Debtor has recognized and reinstated payment on the Retirees' benefit agreements that were the subject of the appeal, thereby rendering the appeal moot. The Retirees agree that this appeal should be dismissed. However, the Retirees object to dismissal of this appeal on the terms proposed by the

Debtor-- specifically, "with each side to bear its own costs"-- since the fees and costs incurred by the Retirees in defending the underlying bankruptcy court action initiated by the Debtor, and this appeal, are currently the subject of a claim pending in the Retirees' action against Northwestern in the Montana Second Judicial District Court for the County of Silver Bow (the "Montana Action").

2.  Bankruptcy Rule 8001(c)(2) provides that this appeal may be dismissed "on terms and conditions fixed by the district court." The language of the proposed Order dismissing the appeal attached to the Motion must be modified to provide that the order shall have no effect on the claims pending in the Montana action, by expressly reserving the allocation of fees and costs to the Montana action.

3.  The Debtor's Motion sets forth a factual recitation of the relevant background facts, but misses the essential point. In January, 2005, the Debtor unilaterally sought to reject the Retirees' supplemental retirement benefit contracts in the Delaware Bankruptcy Court *after* the Plan of Reorganization was substantially consummated, with no prior notice to the Retirees. The Retirees responded to the Debtor's Motion to Reject their contracts by arguing that the bankruptcy court had no jurisdiction over the Retirees' contracts and that the Bankruptcy Court should abstain. Simultaneously, the Retirees initiated the Montana Action alleging breach of contract and abuse of process. The Bankruptcy Court agreed with the Retirees' position, stating that jurisdiction in the Bankruptcy Court should not exist as against the Retirees because they had not been afforded due process.[1] [Memorandum Opinion, p. 11]. For that reason, the Bankruptcy Court abstained from a decision on the Debtor's Motion in favor of the Montana Action. [Memorandum Opinion, p. 12]. This is the decision which the Debtor appealed.

---

[1] A true and correct copy of the bankruptcy court's *Memorandum Opinion with Respect to Certain Supplemental Retirement Benefits* is attached hereto as **Exhibit "A"**.

4. Thus, while the subject matter of the Appeal is whether the Bankruptcy Court properly abstained from hearing the Debtor's Motion to Reject, the Debtor has chosen to dismiss the appeal. All that remains to be addressed is the allocation of fees and costs.

5. The determination of who should bear the fees and costs of this appeal should be left to the State Court action.[2] The Montana Action includes causes of action against the Debtor that would, if the Debtor was found liable on some or all counts, entitle Retirees to recover their fees and costs from the Debtor, amongst other potentially liable parties. For the Court's reference, a true and correct copy of the *Plaintiffs' Third Amended Complaint and Demand for Jury Trial* ("Third Amended Complaint") in the Montana Action is attached hereto as **Exhibit "B"**.

6. The allegations in the Third Amended Complaint include allegations that the filing of the Motion to Reject the Retirees' benefit agreements constituted a breach of contract and breach of the duties of good faith and fair dealing for which compensatory and punitive damages are recoverable. *See* Third Amended Complaint at 19-21. Similarly, the Third Amended Complaint alleges that the institution of proceedings in the Bankruptcy Court (for substantially the reasons set forth in the Memorandum Opinion that is the subject of this appeal) and the Debtor's other attempts to evade their obligations to the Retirees constituted an abuse of process for which damages -- including the cost of defending Retirees' rights -- are recoverable under applicable law. *See* Third Amended Complaint at 22-25.

7. Since, *inter alia*, the claims at issue allege that the institution of proceedings in the Bankruptcy Court was an actionable abuse of process and/or the mechanism by which the Debtor breached its contractual duties to Retirees, these claims would entitle Retirees to damages

---

[2] With regard to the issue of fees and costs requested by the Retirees in the Bankruptcy Court action, the Bankruptcy Court also left that issue to the Montana Court. [Memorandum Opinion at 13 ("I leave to the State court whether attorney's fees are recoverable in the State Court action")].

including, but not limited to, their fees and costs incurred in the Debtor's Bankruptcy Court litigation against them. *See e.g. Campana v. Muir*, 615 F.Supp. 871, 874 (D.C. Pa., 1985) (Recognizing exception to American rule in abuse of process context). Furthermore, at least one of the Retirees' contracts contains attorneys fees provisions for the prevailing party. Given the Debtor's subsequent appeal of the Bankruptcy Court decision, the fees and costs incurred in defending the appeal are now subject to the same claims. These claims and the resulting damages are still *sub judice* in the Montana Court, so that any Order dismissing this appeal should not affect those claims, and should specifically leave to the Montana Court the determination as to how, and whether, fees and costs should be allocated.

8.  Debtor's argument that fees and costs should be borne by the parties is based on a limited review of the rules, without reference to the proceedings between these parties. As noted above, the Retirees strenuously objected to the institution of the underlying bankruptcy proceedings and sought its fees and costs in connection with it. Since this appeal is an extension of the underlying bankruptcy action, the Retirees' claims for fees and costs properly include the fees and costs of this appeal.

9.  No party would be prejudiced by a provision that requires the submission of fee or expense requests to the Montana Court. All parties to this appeal are parties to the Montana Action, where the liability of the Debtor (and, potentially, its counsel) for these and related expenses are already being litigated, and where the factual and legal basis for an award of fees and costs is already being determined. The Debtor recognizes this fact in its Memorandum of Law, where it states "[t]o the extent that any related issues remain between the parties, those can be and are being litigated in the Montana State Court." [Debtor's Memorandum of Law, p. 8].

WHEREFORE, the Retirees respectfully request that this Court enter an Order in substantially the form attached; (a) dismissing the appeal voluntarily and providing that any application for fees and costs shall be left to the Montana Court; and (b) granting such further and other relief as justice shall require.

Dated: May 5, 2006
      Wilmington, Delaware

**BUCHANAN INGERSOLL PC**

/s/ William D. Sullivan
William D. Sullivan (No. 2820)
The Nemours Building
1007 N. Orange St., Suite 1110
Wilmington, DE 19801
Tel: (302) 428-5500
Fax: (302) 428-3996

-and-

**EDWARDS, FRICKLE, ANNER-HUGHES & CULVER**

1601 Lewis Avenue, Suite 206
Billings, Montana 59102
A. Clifford Edwards, Esq.
Triel D. Culver, Esq.
Telephone: (406) 256-8155

**DOAK & ASSOCIATES, P.C.**

P.O. Box 1875
Billings, MT 59103-1875
Jon E. Doak, Esq.
Telephone: (406) 896-8904

*Counsel for Retirees*