IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTHWESTERN CORPORATION,<br><br>　　　　　Reorganized Debtor. | Chapter 11<br><br>Case No. 03-12872 (KJC) |
| NORTHWESTERN CORPORATION,<br><br>　　　　　Appellant,<br>　　v.<br><br>LESTER E. AMMONDSON, CATHERINE COUTURE (AS SURVIVING SPOUSE OF JAMES W. COUTURE), SHERWOOD CHRISTENSEN, W. STEPHEN DEE, CHARLES GILDER, JOHN A. LAHR, EDMOND MAGONE, ELMER MELDAHL, JOHN S. MILLER, ROGER L. RAWLS, C. DANIEL REGAN, ALLEN T. SMITH, GEORGE A. THORSON, JOHN B. VAN GELDER, AND WILHELMUS C. VERBAEL,<br><br>　　　　　Appellee. | Case No. 05-CV-00444-JJF |

**APPELLANT'S REPLY TO APPELLEES' LIMITED OPPOSITION AND REVISED PROPOSED ORDER OF DISMISSAL**

Dated: May 19, 2006

**GREENBERG TRAURIG, LLP**
Victoria Watson Counihan
Dennis A. Meloro
The Brandywine Building
1000 West Street
Suite 1540
Wilmington, DE 19801
(302) 661-7000

Counsel to NorthWestern Corporation

## INTRODUCTION

This reply brief is filed in support of the motion ("Motion") of Appellant and Reorganized Debtor NorthWestern Corporation ("NorthWestern") to voluntarily dismiss the above-captioned bankruptcy appeal pursuant to Rule 8001(c)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Attached to this reply brief as Exhibit A is a revised proposed order of dismissal of its appeal. NorthWestern seeks to voluntarily dismiss its appeal because the subject matter of the appeal -- the denial by the Bankruptcy Court of the Appellant's motion to terminate the supplemental retirement benefits contracts of the Appellees -- has been rendered moot as a result of NorthWestern's payment of past amounts set forth under these contracts, the continuing timely payment of the amounts due under the contracts and the reinstatement of the contracts going forward. As set forth below, a dispute remains as to the extent to which the Montana state court may order the payment of the fees and expenses associated with this appeal as a part of any relief that it may award. NorthWestern submits that this Court should deny either party an award of their fee's and costs arising under federal substantive or procedural law and defer to the Montana state court any award of attorney's fees and costs as they may arise as damages under state law.

## FACTUAL BACKGROUND

1. The parties appear to agree on two things: (1) Debtor's appeal is moot as a result of the payments it made to the Appellees at the end of 2005 and the continuing supplemental benefits payments it has made since, and (2) the only remaining issue relative to this appeal is the extent to which this Court's order will serve as *res judicata* on the allocation of attorneys' fees and costs associated with this appeal.

2. In the Proposed Order attached to its Motion to Dismiss the Appeal, Appellant included the common provision, "ORDERED, that each party will bear their own costs and fees." Appellees in their Limited Opposition objected that this proposed language may prevent them from obtaining the fees and costs associated with this appeal as part of their damages claim in the Montana state court action, in which Appellees have sued the Appellant for alleged violations of state law, specifically breach of contract and breach of the covenant of good faith and fair dealing. *See* Limited Opposition at ¶6.

3. Appellant concurred that it was not its intention to have this Court's order bar Appellees from asserting that the fees and costs associated with this appeal may be compensable as damages arising out of any breach of contract or related state law claim, subject, of course, to its available defenses arising under state law, such as mitigation of damages or the failure of the Appellees to prevail on this appeal. Appellant suggested that the proposed Order dismissing this appeal be changed to say, "***ORDERED, that each party will bear their own fees and costs on appeal, except to the extent that the Montana court orders otherwise under state law.***"

4. Appellees objected to Appellant's proposed change in language, asserting instead that this Court should defer to the Montana state court complete authority to award fees and costs under both state and federal law. Appellees' position is untenable as a matter of law and should be rejected by this Court.

5. The Bankruptcy Court, on page 13 of the memorandum opinion that gave rise to this appeal, properly rejected Appellees' request. When presented with the same issue relative to the fees and costs associated with the underlying claims, the Bankruptcy Court held that the Bankruptcy Court was the appropriate forum to address whether a

party was entitled to an award of fees and costs arising under the Bankruptcy Code, but it deferred to the state court to rule on whether fees and costs could be awarded on claims arising under state law. The Bankruptcy Court, relying on this Court's decision in *Agassi v. Planet Hollywood*, 269 B.R. 543, 552 (D. Del. 2001), rejected the parties' claims for an award of attorney's fees and costs.

> This entire matter involved whether this Court has jurisdiction to hear and decide the pension termination issues. Bankruptcy law alone determines that issue. I leave to the State court whether attorney's fees are recoverable in the State Court Action, and give no opinion on that matter. Accordingly, the present requests for the award of attorney's fees and costs are rejected.

Memorandum Opinion at 13.

6. The Appellant's proposed language in the Order of dismissal of this appeal seeks to accomplish the same result that the Bankruptcy Court ordered in its Memorandum Opinion. To the extent that the Appellees have a claim for attorney's fees or costs that arises under federal substantive or procedural law, such claims must be brought before this Court. Appellees claims for consequential damages arising under state law, however, would be reserved for adjudication in the Montana state court action.

## CONCLUSION

For all the reasons set forth above, NorthWestern respectfully requests that this Court grant NorthWestern's Motion and enter an order pursuant to Rule 8001(c)(2) of the Bankruptcy Rules substantially in the revised form attached hereto as Exhibit A: (i) dismissing the appeal; (ii) requiring that each party will bear their own fees and costs on appeal, except to the extent that the Montana court orders otherwise under state law; and (iii) granting such other relief that the Court deems proper.

Dated: Wilmington, Delaware
      May 19, 2006

                Respectfully submitted,

                GREENBERG TRAURIG, LLP

                */s/ Victoria W. Counihan*
                Victoria Watson Counihan (No. 3488)
                Dennis A. Meloro (No. 4435)
                The Brandywine Building
                1000 West Street, Suite 1540
                Wilmington, DE  19801
                Telephone: (302) 661-7000

                ***Counsel for NorthWestern Corporation***

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTHWESTERN CORPORATION,<br><br>　　　　Reorganized Debtor. | Chapter 11<br><br>Case No. 03-12872 (KJC) |
| NORTHWESTERN CORPORATION,<br><br>　　　　Appellant,<br>　v.<br><br>LESTER E. AMMONDSON, CATHERINE COUTURE (AS SURVIVING SPOUSE OF JAMES W. COUTURE), SHERWOOD CHRISTENSEN, W. STEPHEN DEE, CHARLES GILDER, JOHN A. LAHR, EDMOND MAGONE, ELMER MELDAHL, JOHN S. MILLER, ROGER L. RAWLS, C. DANIEL REGAN, ALLEN T. SMITH, GEORGE A. THORSON, JOHN B. VAN GELDER, AND WILHELMUS C. VERBAEL,<br><br>　　　　Appellee. | Case No. 05-CV-00444-JJF |

### ORDER DISMISSING APPELLANT'S APPEAL

This matter having come before the Court on the motion of appellant and reorganized debtor NorthWestern Corporation for an Order Dismissing its Appeal (the "Motion"), after due deliberation and for good cause shown:

**The Court Hereby Finds That:**

For the reasons set forth in the Motion, that Appellant's appeal has been rendered moot requiring dismissal of its appeal.

**NOW, THEREFORE, IT IS HEREBY:**

**ORDERED**, that Appellant's Motion to Dismiss its Appeal is GRANTED; and it is further

**ORDERED**, that each party will bear their own fees and costs on appeal, except to the extent that the Montana court orders otherwise under state law.


Dated _____, 2006
Wilmington, Delaware

                                                                    _____
                                                                    The Honorable Joseph J. Farnan
                                                                    United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTHWESTERN CORPORATION,<br><br>           Reorganized Debtor. | Chapter 11<br><br>Case No. 03-12872 (KJC) |
| NORTHWESTERN CORPORATION,<br><br>           Appellant,<br>v.<br><br>LESTER E. AMMONDSON, CATHERINE COUTURE (AS SURVIVING SPOUSE OF JAMES W. COUTURE), SHERWOOD CHRISTENSEN, W. STEPHEN DEE, CHARLES GILDER, JOHN A. LAHR, EDMOND MAGONE, ELMER MELDAHL, JOHN S. MILLER, ROGER L. RAWLS, C. DANIEL REGAN, ALLEN T. SMITH, GEORGE A. THORSON, JOHN B. VAN GELDER, AND WILHELMUS C. VERBAEL,<br><br>           Appellee. | Case No. 05-CV-00444-JJF |

## CERTIFICATE OF SERVICE

    I, Victoria W. Counihan, being duly sworn according to law, deposes and says that I am employed by Greenberg Traurig, LLP, which is counsel for the Appellant, and on the 19th day of May 2006, I caused copies of the APPELLANT'S REPLY TO APPELLEES' LIMITED OPPOSITION AND REVISED PROPOSED ORDER OF DISMISSAL to be served upon the parties listed below in the manner indicated.

VIA FIRST CLASS MAIL
A. Clifford Edwards
Edwards Frickle Anner-Hughes & Cook
1601 Lewis Avenue, Suite 206
Billings, MT 59104-0039

VIA FIRST CLASS MAIL
Jon Doak, Esq.
Doak & Associates, PC
100 North 27th Street, Suite 200
Billings, Montana 59103-1875

Dated: May 19, 2006

VIA HAND DELIVERY
William D. Sullivan
Buchanan Ingersoll, P.C.
The Nemours Building
1007 North Orange Street, Suite 1110
Wilmington, DE 19801

*/s/ Victoria W. Counihan*
Victoria W. Counihan (No. 3488)
Greenberg Traurig, LLP
1007 North Orange Street, Suite 1200
The Nemours Building
Wilmington, DE 19801